EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIUS J. NAM (Cal. Bar No. 288961)
SAURISH APPLEBY-BHATTACHARJEE (Cal. Bar No. 286264)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/2917
    Facsimile: (213) 894-0141
    E-mail:   julius.nam@usdoj.gov
             saurish.bhattacharjee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 15-00621-R-5 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ARMEN KHALULYAN |
| v. | |
| NAZAR DANIYELYAN, et al., -5) ARMEN KHALULYAN, | |
| Defendants. | |

    1.   This constitutes the plea agreement between ARMEN KHALULYAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

//

//

//

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

   a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the twenty-count indictment in United States v. Daniyelyan, et al., CR No. 15-00621-R, which charges defendant with conspiracy to possess fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2).

   b.  Not contest facts agreed to in this agreement.

   c.  Abide by all agreements regarding sentencing contained in this agreement.

   d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f.  Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g.  Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

   a.  Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 19 or higher. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, conspiracy to possess fifteen or more unauthorized access devices, in violation of 18

3

U.S.C. § 1029(b)(2), the following must be true: (1) there was an agreement between two or more persons to commit at least one violation of 18 U.S.C. § 1029(a); (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1029(b)(2) as alleged in Count One of the indictment is: a term of imprisonment not longer than one-half the period provided as the maximum imprisonment for a violation of 18 U.S.C. § 1029(a)(3) pursuant to 18 U.S.C. § 1029(c)(1)(A)(i), and a fine of an amount not greater than the amount provided as the maximum fine for a violation of 18 U.S.C. § 1029(a)(3) pursuant to 18 U.S.C. § 1029(c)(1)(A)(i), which therefore results in a statutory maximum sentence of: five years imprisonment; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; a three-year period of supervised release; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

//
//
//

FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date, and continuing through on or about October 21, 2015, defendant entered into an agreement between one or more other persons to operate a credit card skimming operation. Defendant and his co-conspirators manufactured credit card skimmers using components purchased from electronic stores, and designed to be installed into the point-of-sale terminal of gas station pumps. Defendant and his co-conspirators used a large van to pull-up next to a gas pump. The doors of the van would open outward and obstruct any onlooker's view of the gas pump. Defendant and his co-conspirators would force open the point-of-sale terminal at the pump and attach the skimmer to the electronic components of the pump. Once installed, each skimmer collected real debit and credit card numbers used to purchase gasoline by unsuspecting customers at that pump. The skimming devices were also equipped with Bluetooth technology, which allowed defendant and his co-conspirators to access the skimmers remotely and obtain the stolen credit and debit card numbers stored on the skimming devices using a cellular telephone, computer, tablet, or similar device. Defendant and his co-conspirators installed these skimmers at gas station pumps throughout Los Angeles,

Orange, and Riverside Counties.  Defendant entered into this agreement to steal real credit or debit card numbers and other customer information, knowing of at least one of the agreement's objectives and intending to help accomplish it.  In furtherance of this agreement, defendant and his co-conspirators committed at least the following act:

- On June 13, 2014, defendant, along with other members of the conspiracy, traveled to the following gas stations: (1) Chevron Gas Station located at 9225 S. Brookhurst Street, Anaheim, California; (2) Chevron Gas Station located at 13712 Golden West Street, Westminster, California; (3) Chevron Gas Station located at 4505 W. First Street, Santa Ana, California; and (4) Chevron Gas Station located at 10961 S. Beach Boulevard, Stanton, California.  While at these gas stations, and with defendant's assistance to block the view of point-of-sale terminals and distract gas station employees, members of the conspiracy installed a skimming device at a point-of-sale terminal at each gas station in order to steal customers' credit card and debit card numbers.
- On July 30, 2014, defendant, along with other members of the conspiracy, traveled to the following gas stations: (1) 76 Gas Station located at 11954 Santa Monica Boulevard, Los Angeles, California; (2) Shell Gas Station located at 10991 Santa Monica Boulevard, Santa Monica, California 90025; and (3) United Oil Station located at 4931 W. Pico Boulevard, Los Angeles, California.  While at these gas stations, and with defendant's assistance to block the view of point-of-sale terminals and distract gas station employees, members of

       the conspiracy installed a skimming device at a point-of-sale terminal at each gas station in order to steal customers' credit card and debit card numbers.

- On October 15, 2014, defendant, along with other members of the conspiracy traveled to the following gas stations: (1) Chevron Gas Station located at 8980 Warner Avenue, Fountain Valley, California; and (2) 76 Gas Station located at 12071 Seal Beach Boulevard, Seal Beach, California. While at these gas stations, and with defendant's assistance to block the view of point-of-sale terminals and distract gas station employees, members of the conspiracy attempted to install a skimming device at a point-of-sale terminal at each gas station.

Defendant and his co-conspirators had access to the real credit and debit card numbers stored on the skimming devices installed in the point-of-sale terminals, and knew that these stolen credit and debit card numbers would be used, without authorization, to make fraudulent purchases.

    On October 21, 2015, two of defendant's co-conspirators possessed a total of at least 494 blank credit cards that were encoded with real credit and debit card numbers, many of which were obtained from skimming devices installed at gas station point-of-sale terminals with defendant's assistance, and which defendant and his co-conspirators knew belonged to real accounts opened by real individuals. Defendant knew and intended that the blank credit cards encoded with real credit and debit card numbers obtained with defendant's assistance would be used by members of the conspiracy, without authorization, to make fraudulent purchases. At such time,

8

defendant's co-conspirators also knowingly possessed the names of the credit and debit cardholders that corresponded to the blank credit cards that were encoded with real credit and debit card numbers, which had been obtained with defendant's knowing assistance.

Additionally, on October 21, 2015, one of defendant's co-conspirators possessed at the co-conspirator's residence access device-making equipment, including a computer connected to a magnetic card reader and writer. Defendant knew that this device making equipment would be used for the purpose of creating counterfeit and unauthorized access devices using the real credit card and debit card numbers that defendant and other members of the conspiracy obtained using the skimming devices.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

//
//
//

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)] |
| Loss of More Than $250,000 | +12 | [U.S.S.G. § 2B1.1(b)(1)(G)] |
| 10 or More Victims: | +2 | [U.S.S.G. § 2B1.1(b)(2)(A)] |
| Trafficking of Unauthorized Access Devices: | +2 | [U.S.S.G. § 2B1.1(b)(11)] |

12. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.    The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

16. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of not more than 46 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, and the Court imposes a total term of imprisonment on all counts of conviction of not less than 37 months, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or the loss amount enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

_____          3-8-2016
JULIUS J. NAM                      Date
Assistant United States Attorney

_____          3-5-2016
ARMEN KHALULYAN                    Date
Defendant

_____          3-7-2016
ALEX KESSEL                        Date
Attorney for Defendant
ARMEN KHALULYAN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

17

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          3-5-2016
ARMEN KHALULYAN                          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ARMEN KHALULYAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

18

forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____     3-7-16
ALEX KESSEL                           Date
Attorney for Defendant
ARMEN KHALULYAN